IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CONNIE FAY CADE                                           PETITIONER

VS.                                 CRIMINAL NO. 5:17-cr-9(DCB)(LRA)

UNITED STATES OF AMERICA                                  RESPONDENT

ORDER

This cause is before the Court on petitioner Connie Fay Cade ("Cade")'s "Motion Requesting Judicial Recommendation Concerning Length of Halfway House Placement and/or Home Confinement" **(docket entry 15)** in which the petitioner seeks a Judicial Recommendation from this Court to the Bureau of Prisons, recommending that the petitioner serve the maximum residential re-entry (RRC)/ halfway house placement time of 9-12 months, or the maximum Home Confinement placement of 12 months, preceding the end of her sentence.

The Court interprets the petitioner's Motion as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Cade was sentenced on December 5, 2017, to serve a 28-month sentence with the Bureau of Prisons. She states that she has been a model inmate and has been engaged in "productive activities."

Petitioner's Motion is not well taken because she fails to show that she has exhausted his administrative remedies, thus depriving this Court of subject matter jurisdiction. Cade has no constitutional or statutory right to placement in a Residential Reentry Center, and she has failed to establish a violation of the

Second Chance Act.[1]

A prisoner seeking habeas relief pursuant to § 2241 must exhaust all administrative remedies that might provide appropriate relief. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The bureau of Prisons has established a three-tiered Administrative Remedy Program ("the Program") governing formal review of inmate complaints relating to any aspect of imprisonment. 28 C.F.R. §§ 542.10 et seq. A prisoner must pursue the procedures set forth in the Program prior to seeking relief in district court. See Rourke, 11 F.3d at 49. These procedures generally require the prisoner first to attempt informal resolution through a complaint to the Bureau of Prisons staff. If the prisoner is not satisfied with the result, she must file a formal written complaint to the Warden. Then, if appropriate, she can pursue an administrative appeal to the appropriate Bureau of Prisons Regional Director. See 28 C.F.R. §§ 542.10 et seq. The final appeal is to the Bureau of Prisons' Office of General Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

Cade makes no claim that she has attempted to exhaust her administrative remedies. The Court therefore finds that Cade has failed to fully exhaust her administrative remedies.

---

[1] Congress amended 18 U.S.C. § 3624(c) on April 9, 2008, through the enactment of the Second Chance Act of 2007, Pub.L. 110-199, 122 Stat. 657. See 18 U.S.C. § 3624(c)(Amended Apr. 9, 2008).

To be excused from the exhaustion requirement, Cade must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Inasmuch as Cade does not contend that administrative remedies are unavailable, inappropriate, or futile, none of the exceptions apply.

In addition, even if Cade exhausted her administrative remedies, she has not established a violation of the Second Chance Act. The Bureau of Prisons, in compliance with the Second Chance Act, has promulgated regulations that provide, in pertinent part:

> Inmates will be considered for pre-release community confinement in [a] manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.

28 C.F.R. § 570.22. In turn, § 3621(b) requires the Bureau of Prisons to consider the following five factors when determining a prisoner's place of imprisonment: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission.

Furthermore, there is no constitutional right to be housed in a particular place. See Olim v. Wakinekona, 461 U.S. 238 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Section 3621(b)

vests in the Bureau of Prisons "sole discretion" to determine where a federal inmate will be housed. United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995); Moore v. U.S. Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973).

To the extent that Cade is claiming a constitutional right to be housed in a particular place, that claim is without merit. Olim v. Wakinekona, 461 U.S. 238 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Section 3621(b) vests in the Bureau of Prisons "sole discretion" to determine where a federal inmate will be housed. United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995); Moore v. U.S. Attorney Gen., 473 F.2d 1375, 1376 (5th Cir. 1973).

For the reasons given herein,

IT IS HEREBY ORDERED that Connie Fay Cade's "Motion Requesting Judicial Recommendation" **(docket entry 15)** in which the petitioner seeks a Judicial Recommendation from this Court to the Bureau of Prisons, recommending that the petitioner serve the maximum residential re-entry (RRC)/ halfway house placement time of 9-12 months, or the maximum Home Confinement placement of 12 months, preceding the end of her sentence, is DENIED without prejudice for failure to exhaust administrative remedies.

SO ORDERED, this the 19th day of February, 2019.

David Bramlette
UNITED STATES DISTRICT JUDGE